

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-10-2005

# Mkanyia v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2094

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Mkanyia v. Atty Gen USA" (2005). *2005 Decisions.* Paper 715.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/715

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2094
_____

STEVEN DAVID MKANYIA;
JULIANA NYASINGA,

Petitioners

v.

*ALBERTO R. GONZALES, ATTORNEY GENERAL OF THE UNITED STATES;
BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,
DISTRICT DIRECTOR,

Respondents

*Pursuant to F.R.A.P. 43(c)
_____

On Petition for review of an Order of the Board of Immigration Appeals
INS No. A78 573 888
_____

Submitted Under Third Circuit LAR 34.1(a) May 23, 2005

Before: SCIRICA, Chief Judge, ALITO and ROSENN, Circuit Judges

(Filed August 10, 2005)
_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

Petitioners, Steven Mykanyia and Juliana Nyasinga, appeal from a final order of

removal by the Board of Immigration Appeals ("BIA").[1] The lead Petitioner, Mykanyia, is a native and citizen of Tanzania. He is married to Petitioner Nyasinga, who is a native and citizen of Kenya. Petitioners have both resided in this country for more than ten years, have three daughters who are United States citizens, and neither they nor their children have been involved in any criminal law transgression. Petitioners were placed in removal proceedings after violating the conditions of their nonimmigrant visas. They conceded removability, but applied for cancellation of removal, pursuant to § 240A(b) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b). In the alternative, they applied for voluntary departure. Their removal proceedings were consolidated. An Immigration Judge ("IJ") denied their applications for cancellation of removal, but granted their applications for voluntary departure. In a written opinion, the BIA affirmed the IJ's decision.

Petitioners assert three claims. First, they argue that their "removal would result in exceptional and extremely unusual hardship to" their three citizen children, and thus, that they qualify for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(D). Second, they argue that the IJ's denial of their request for a continuance, so that Nyasinga could obtain evidence of the genital mutilation she suffered in Kenya, deprived them of a full and fair removal hearing. Third, they contend that they were prejudiced by ineffective assistance of counsel during their removal proceedings.

---

[1] Because we write primarily for the parties, their counsel, and the BIA, we assume their familiarity with the factual and procedural background of these proceedings.

We lack jurisdiction over Petitioners' first and third claims, and conclude that their second claim lacks merit. Accordingly, we are constrained to deny the petition for review.

I.

The Immigration and Nationality Act gives the Attorney General discretion to cancel the removal of an otherwise removable alien if the alien: (1) has been physically present in the United States for a continuous period of not less than ten years as of the date of applying for cancellation of removal; (2) has been a person of good moral character during that time; (3) has not been convicted of certain enumerated criminal offenses; and (4) demonstrates "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States . . . ." 8 U.S.C. § 1229b(b)(1).

The IJ concluded that Petitioners satisfied the first three requirements for cancellation of removal. With respect to the hardship requirement, the IJ considered Petitioners' testimony that they feared their three daughters would be subjected to female genital mutilation in either Tanzania or Kenya. Nyasinga testified that she was forced to undergo female genital mutilation when she lived in Kenya, but she did not proffer evidence to corroborate this claim. Petitioners' oldest daughter, eleven years-old at that time, also testified during the removal proceedings. Five years earlier, she visited Nyasinga's family in Kenya for two months, and suffered no harm while there. The IJ

3

found that there was insufficient evidence that Petitioners' daughters would be forced to undergo female genital mutilation in either Tanzania or Kenya.

Accordingly, the IJ concluded that Petitioners failed to demonstrate that their children would suffer "exceptional and extremely unusual hardship" should Petitioners be removed to their respective countries of origin. The BIA agreed. Petitioners dispute this finding.

We, however, lack jurisdiction to review the BIA's hardship determination. See 8 U.S.C. § 1252(a)(2)(B)(i); Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003) (Section "1252(a)(2)(B)(i) strips us of jurisdiction to review certain discretionary decisions under the Immigration and Naturalization Act as enumerated by the statute. The decision whether an alien meets the hardship requirement in 8 U.S.C. § 1229b is such a discretionary judgment."). Accordingly, we may not disturb the BIA's conclusion that Petitioners are ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1).

II.

Petitioners contend that they were deprived of a full and fair hearing by the IJ's denial of their request for second continuance, so that Nyasinga could undergo a medical examination to prove that she had suffered genital mutilation. The federal Constitution's Fifth Amendment provides aliens with due process protections during removal proceedings. See, e.g., Xu Yong Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001). However, to advance a successful due process claim, the alien must show that the IJ's decision was an abuse of

discretion which caused the alien to suffer prejudice. See, e.g., Ponce-Leiva v. Ashcroft, 331

F.3d 369, 374-77 (3d Cir. 2003). Petitioners have not satisfied this standard.

As the IJ explained, Petitioners' removal proceedings were drawn out over the course

of several years, giving them ample time to obtain and present any evidence of female genital

mutilation, particularly as to Nyasinga. She had three children delivered in this country and

her obstetricians could have provided testimony as to whether she suffered genital mutilation.

Furthermore, the IJ concluded that, even if Nyasinga was forced to undergo female genital

mutilation in Kenya, this would not have convinced the IJ that the same fate would befall

Petitioners' daughters.[2] Thus, the IJ's denial of their request for a second continuance did

not cause Petitioners to suffer prejudice.

### III.

Petitioners were represented by counsel during their removal proceedings. They

contend that their counsel failed them by, for example, neglecting to submit available

documentary evidence in support of Nyasinga's claim that she underwent female genital

mutilation in Kenya. They claim that their counsel's failures violated their due process rights

to effective assistance of counsel during their removal proceedings. Petitioners, however,

did not raise this claim on appeal to the BIA.

Petitioners' failure to present their ineffective assistance of counsel argument to the

BIA deprives this Court of jurisdiction to review their claim. See 8 U.S.C. § 1252(d) ("A

---

[2]     As explained supra § I, we lack jurisdiction to review this hardship determination.
See 8 U.S.C. § 1252(a)(2)(B)(i).

court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . .”); Bhiski v. Ashcroft, 373 F.3d 363, 367 (3d Cir. 2004) (noting that § 1252(d)'s exhaustion requirement is jurisdictional).

IV.

For the foregoing reasons, the petition for review will be denied.