

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-2006

# Mkanyia v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5129

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Mkanyia v. Atty Gen USA" (2006). *2006 Decisions*. Paper 196.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/196

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-5129

———————

STEVEN DAVID MKANYIA; JULIANA NYASINGA,

<u>Petitioners</u>

v.

ATTORNEY GENERAL OF THE UNITED STATES,

<u>Respondent</u>

———————

On Petition for review of a decision
of the Board of Immigration Appeals
(BIA Nos. A76 240 980, A78 573 888)

———————

Submitted under Third Circuit LAR 34.1(a)
November 9, 2006

BEFORE:  SLOVITER, CHAGARES, and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Filed: November 16,  2006)

———————

OPINION OF THE COURT

———————

GREENBERG, <u>Circuit</u> <u>Judge</u>.

This matter comes on before the court on a timely petition for review of a decision

by the Board of Immigration Appeals entered October 27, 2005, denying motions by

petitioners Steven David Mkanyia and Juliana Nyasinga to reopen and reconsider a

decision of the BIA entered March 23, 2004, which affirmed a decision of an immigration judge ordering petitioners' removal and denying their applications for cancellation of removal. The petitioners had filed a petition for review with this court with respect to the March 23, 2004 decision of the BIA, for the first time raising an ineffective assistance of counsel argument. We denied the petition for review on August 10, 2005, as we lacked jurisdiction to entertain petitioners' ineffective assistance of counsel argument as well as their claim that they qualified for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(D). Mkanyia v. Gonzales, 140 Fed. Appx. 422, 423 (3d Cir. 2005).[1]

In the proceedings before us now, the petitioners assert that prior counsel was ineffective and that they presented sufficient evidence in support of their motion to reopen the proceedings to demonstrate prima facie eligibility for cancellation of removal. Petitioners explain that the immigration judge had denied them cancellation of removal

_____

[1]We summarized the case and its disposition as follows:

> Petitioners assert three claims. First, they argue that their 'removal would result in exceptional and extremely unusual hardship to' their three citizen children, and thus, that they qualify for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(D). Second, they argue that the IJ's denial of their request for a continuance, so that Nyasinga could obtain evidence of the genital mutilation she suffered in Kenya, deprived them of a full and fair removal rehearing. Third, they contend that they were prejudiced by ineffective assistance of counsel during their removal proceedings.
>
> We lack jurisdiction over Petitioners' first and third claims, and conclude that their second claim lacks merit. Accordingly, we are constrained to deny the petition for review.

Mkanyia v. Gonzales, 140 Fed. Appx. at 423.

on the basis that they "failed to establish that their removal would cause exceptional and extremely unusual hardship to their citizen born daughters." Petitioners' br. at 19-20. We have jurisdiction under section 242(a) of the Immigration and Nationality Act, 8 U.S.C. § 1252(a), as amended by the Real ID Act of 2005, Pub. L. No.109-13, Div. B, § 106, 119 Stat. 231. A determination to open or reconsider "is within the discretion of the [BIA.]" 8 C.F.R. § 1003.2(a). Consequently, we will not disturb a decision on an application to reopen or reconsider unless it is "arbitrary, irrational or contrary to law." See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994) (internal quotations and citation omitted).

In its October 27, 2005 decision the BIA indicated that in its March 23, 2004 decision it found that the petitioners "failed to demonstrate the requisite level of hardship to a qualifying relative should they be removed from the United States so as to merit a grant of cancellation of removal." App. at 2. The BIA concluded its decision as follows:

> On September 1, 2005, the respondents filed with us motions to reopen and reconsider our March 23, 2004, order, claiming that they fell victim of ineffective assistance of their prior counsel. Specifically, they claim that the counsel who represented them during the proceedings before the Immigration Judge failed to request of them, assemble, and submit to the Immigration Court all necessary evidence in support of their application for cancellation of removal. They also claim that their second attorney, who represented them on appeal before us, failed to raise a claim of ineffective assistance of the prior counsel which, in itself, amounted to ineffective assistance of counsel. However, other than advancing the aforementioned allegations in the motions to reconsider and reopen, the respondents have failed to meet the requirements necessary to establish a claim for ineffective assistance of counsel. See Zheng v. Gonzales, 422 F.3d 98 (3d Cir. 2005); see also Matter of Lozada, 19 I & N Dec. 637 (BIA 1988). Accordingly, we find it inappropriate to reopen proceedings and

3

reconsider our prior decision. 8 C.F.R. §§ 1003.2(b), 1003.2(c)(1). In view of the foregoing, the following orders shall be entered.

App. at 2-3.

We are satisfied that the petition for review is without merit. Taking petitioners' arguments in reverse order, we point out that we will not consider the hardship determination as we lack jurisdiction to do so. Thus, petitioners' lengthy argument in which they acknowledge that they "reassert their eligibility for cancellation of removal," petitioners' br. at 18, does not address the issue before us. Rather, the issue is whether petitioners satisfied the criteria of <u>Matter of Lozada</u>, 19 I & N Dec. 637 (BIA 1988), for the assertion of an ineffective assistance of counsel argument. While it is true that petitioners argue at length that their prior counsel was ineffective, as far as we can see, in advancing this contention they have not complied with any of the three-part <u>Lozada</u> requirements. <u>Id</u>. at 639-40. Accordingly, we are constrained to deny the petition for review. <u>See</u> <u>Lu v. Ashcroft</u>, 259 F.3d 127, 134-35 (3d Cir. 2001).

The petition for review of the decision entered October 27, 2005, will be denied.

4